**M. Constance JONAS et al., Plaintiffs,**
**and**
**Paul W. Preisler et al., Intervenor-**
**Plaintiffs,**
**v.**
**Honorable Warren A. HEARNES et al.,**
**Defendants,**
**and**
**F. V. Heinkel et al., Intervenor-**
**Defendants,**
**and**
**Missouri State Chamber of Commerce**
**et al., Intervenor-Defendants.**

**No. 14528-2.**

United States District Court
W. D. Missouri, W. D.

May 10, 1965.

Irving Achtenberg, of Achtenberg, Sandler & Balkin, George H. Morgan, Kansas City, Mo., for plaintiffs.

Paul W. Preisler and David M. Grant, St. Louis, Mo., for intervenor-plaintiffs.

Norman H. Anderson, Atty. Gen., J. Gordon Siddens, Donald L. Randolph, Joseph Nessenfeld, Asst. Attys. Gen., Jefferson City, Mo., for defendants.

David Collins, of Edwards, Hess & Collins, Macon, Mo., Sam D. Parker, Lathrop, Righter, Gordon & Parker, Kansas City, Mo., William W. Beckett, Alfred J. Hoffman, A. D. Sappington, Columbia, Mo., for intervenor-defendants.

Before RIDGE, Circuit Judge, and GIBSON and BECKER, District Judges.

PER CURIAM.

This is an action challenging the constitutionality of the present Missouri apportionment of representation in both houses of the Missouri Legislature. This Court held that apportionment scheme to be unconstitutional in a memorandum dated December 29, 1964, 236 F.Supp. 699. The memorandum concluded:

"However, in the interest of equity and justice, it must be ruled that the 1965 General Assembly of that State will have a de facto status to legislatively correct that situation. Therefore the most that should now be ruled in the case at bar is that during the first regular legislative session of that Assembly, it should promptly devise and pass legislation creating and establishing a system of legislative districting and apportionment of the House of Representatives and the Senate thereof, in accordance with federal constitutional standards as considered in the cited authorities, supra. To permit that to be done, relief as presently sought by plaintiffs and intervenor-plaintiffs will be withheld and stayed, and this Court will refrain from taking present action in the premises of this case until the close of the regular session of the 73rd General Assembly of the State of Missouri, convening in January 1965.

"We, therefore, reserve jurisdiction herein for such further orders, judgments and decrees as hereafter will be deemed meet and proper."

Plaintiffs now file their motion for a supplemental order and defendants file a motion "to Amend the Court's Opinion or, in the Alternative, for Instructions."

Plaintiffs' motion seeks this Court to order the 73rd General Assembly to pass legislation prior to July 15, 1965 which would establish a constitutionally acceptable apportionment scheme. Plaintiffs say this is necessary to provide adequate time "so that legislative candidates at the 1966 election will represent districts apportioned in accordance with such standards."

Defendants' motion for amendment of this Court's memorandum or in the alternative for instructions seeks clarification of the first above-quoted paragraph, supra p. 71, from the memorandum. It asks the Court to define the term "de facto" as used in that paragraph and "whether * * * it will be necessary for all members of the House of Representatives and Senate to be elected," presumably under the reapportioned districts, before the governor is authorized to call a special session of the General Assembly any time after July 15, 1965.

It also asks the Court to state whether certain provisions of Article III, Section 5 of the Constitution of the State of Missouri, V.A.M.S. are invalid under the language of the memorandum.

Defendants' motion further seeks to determine whether the language of the memorandum affects the validity of Article III, Section 8 of the Missouri Constitution. The provisions of Section 8 read as follows:

"Section 8. Senatorial districts —division of counties—When any county is entitled to more than one senator the county court, and in the City of St. Louis the body authorized to establish election precincts, shall divide the county into districts of contiguous territory, as compact and nearly equal in population as may be, in each of which one senator shall be elected."

This section was not included in plaintiffs' complaint nor in any of the plead-

ings and thus was not considered in the hearing held in this matter nor in the Memorandum issued in connection therewith. Therefore the Court is precluded at this time from ruling on matters not included in the pleadings. Further, it is difficult to deal with the application of Section 8 of Article III, except in relation to an existing apportionment scheme or a lawfully proposed scheme of apportionment submitted by the General Assembly, by initiative or a proper constitutional or statutory agency. So actually there is nothing for the Court to pass upon in this respect, for without any proposed or existing apportionment scheme, the districts cannot be viewed in relation to each other nor to an overall apportionment plan.

Finally, this motion requests the Court to inform defendants whether it will be the duty of the Board of Election Commissioners in Jackson County and the County Court in the City of St. Louis to apportion and form the districts in those areas, or the duty of the Senatorial Re-districting Commission "even though federally constitutionally correct senatorial districts can be formed in such county and city without crossing county or city lines?"

Defendants' motion is denied for the reason that the Court is not authorized to give advisory opinions and defendants' motion presents no justiciable issue. McGrath v. Kristensen, 340 U.S. 162, l. c. 167 n. 6, 71 S.Ct. 224, 95 L.Ed. 173; Chicago & S. Air Lines v. Waterman Steamship Corp., 333 U.S. 103, l. c. 113, 68 S.Ct. 431, 92 L.Ed. 568.

Plaintiffs' motion to order the 73rd General Assembly to pass legislation prior to July 15, 1965 is denied for the reason that it is premature. The Court will consider the situation as it exists after June 30, 1965 to determine whether steps have been taken to establish a constitutionally acceptable apportionment scheme.

For the aforementioned reasons, motions of plaintiffs and defendants are denied.